**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHAN ZOURAS LLP, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-7910 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| I3 GROUP, LLC, a Maryland limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Stephan Zouras LLP ("Plaintiff") brings this Class Action Complaint against Defendant i3 Group, LLC ("i3 Group") on behalf of itself and all others similarly situated, and complains and alleges upon personal knowledge as to itself and its own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

**I.     NATURE OF THE ACTION**

1.     Defendant i3 Group offers student loan services, including student loan default management, default aversion, and infrastructure.[1] In an effort to market its products and services, i3 Group made (or directed to be made on its behalf) calls to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent[2] in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and without prior

_____

[1] i3 Group, i3 Services, http://www.i-3group.com/our-services (last visited Sept.. 2, 2015), attached hereto as Exhibit A.

[2] As of October 16, 2013, prior express **written** consent is required. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2)).

express consent in violation of the Automatic Telephone Dialers Act, 815 ILCS 305/1, *et seq.* ("ATDA").

2.      Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted i3 Group to make calls to their wireless telephones.

3.      By making such unauthorized calls, Defendant i3 Group caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls, and the monies paid to their wireless carriers for the receipt of such calls.

4.      In order to redress these injuries, Plaintiff seeks an injunction requiring i3 Group to cease all unsolicited calling activities, an award of statutory damages to the Class members under the TCPA and ATDA, trebled actual damages under the ATDA, and an award of damages for common law conversion, together with costs and reasonable attorneys' fees.

## II.      **JURISDICTION AND VENUE**

5.      This Court has original jurisdiction over Count I pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

6.      This Court has supplemental jurisdiction over Counts II and III pursuant to 28 U.S.C. § 1367 because Counts I-III all arise out of a common nucleus of operative facts.

7.      This Court has personal jurisdiction over Defendant i3 Group under the Illinois Long-Arm Statute, 735 ILCS 5/2-209, because i3 Group transacts business and committed a tortious act in the State of Illinois, and because i3 Group conducts and carries on business in this State. Further, by engaging in solicitation activities within this State, i3 Group has subjected itself to the personal jurisdiction of this State.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because i3 Group resides in this District. Further, pursuant to § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District.

### III.     PARTIES

*Plaintiff*

9.     Plaintiff is a limited liability partnership organized in and existing under the laws of the State of Illinois with its principal business located in Cook County, Illinois.

*Defendant*

10.     Defendant i3 Group is a limited liability company organized in and existing under the laws of the State of Maryland with its principal place of business located at 1701 W. Golf Road, Suite 2-150, Rolling Meadows, Illinois 60008.

11.     i3 Group has two members: Ceannate Corp.; and Timothy W. Adelman.

12.     Ceannate Corp. is i3 Group's member-manager.

13.     Ceannate Corp. is also located at 1701 W. Golf Road, Suite 2-150, Rolling Meadows, Illinois 60008 and shares office space with i3 Group.

### IV.     FACTUAL BACKGROUND

14.     Companies have employed advance technologies that make it easier to market their products and services. According to a recent report examining class actions under the TCPA in the Northern District of Illinois:

> ***Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives***. These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting

between conversations and amount of abandoned calls experienced by consumers.[3]

***Defendant i3 Group's Calls to Plaintiff***

15.     At all relevant times, Plaintiff was the subscriber of the wireless telephone number ending in 9858, and one of Plaintiff's partners, James B. Zouras ("Zouras"), was the customary user.

16.     On or about August 24, 2015, Zouras received a call to Plaintiff's wireless telephone from 312-212-8639.

17.     On or about August 31, 2015, Zouras received another call to Plaintiff's wireless telephone from 312-212-8630.

18.     On or about September 1, 2015, Zouras received another call to Plaintiff's wireless telephone from 312-212-8630.

19.     On or about September 2, 2015, Zouras received another call to Plaintiff's wireless telephone from 312-212-8630.

20.     On or about September 8, 2015, Zouras received another call to Plaintiff's wireless telephone from 312-212-8630.

21.     When Zouras answered at least one of the calls, a prerecorded and/or artificial message stated that the call was from "i3" regarding its services.

22.     Upon calling the numbers back, recipients of the calls are greeted by a representative at "i3 Group."

23.     Defendant i3 Group owns and uses the following website: www.i-3group.com.

---

[3] Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, The Telephone Consumer Protection Act of 1991: Adapting Consumer Protection to Changing Technology 7 (Fall 2013) (emphasis added). The report "was made possible through a *cy pres* distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." *Id.* at 2.

24.     On its website, i3 Group offers "default aversion and delinquency prevention services that have touched over 865,000 students since [its] inception in 2009. Using best-in-class technology and procedures, [i3 Group] provide[s] [its] clients with a set of services and tools that empower both schools and students." (*See* Exhibit A.)

25.     i3 Group made, or had made on its behalf, the same or substantially the same calls *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

26.     On information and belief, i3 Group made these calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

27.     Plaintiff and the Class members never consented to, requested, or otherwise desired or permitted i3 Group to call its wireless phone.

## V.    CLASS ALLEGATIONS

28.     Plaintiff brings Counts I and III, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**TCPA Class**

All individuals in the United States whose wireless telephone number i3 Group, or someone on i3 Group's behalf, called using an automatic telephone dialing system or an artificial or prerecorded voice without prior express written consent of the called party.

Excluded from the TCPA Class are i3 Group and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

29. Plaintiff brings Count II and III, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**ATDA Class**

All persons in the State of Illinois who i3 Group, or someone on i3 Group's behalf, called and played a prerecorded message placed by any device or system programmed to sequentially or randomly access stored telephone numbers to automatically connect a telephone with a recorded message.

Excluded from the ATDA Class are i3 Group and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof

30. "Class members" or "the Class" refers to both the TCPA Class and the ATDA Class, unless otherwise stated.

31. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

32. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by i3 Group's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from i3 Group's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

33. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a.      The manner in which i3 Group compiled and called the list of wireless telephone numbers, including Plaintiff's numbers;

b.      Whether i3 Group (or someone on i3 Group's behalf) was soliciting the sale of goods or services.

c.      Whether the equipment i3 Group (or someone on i3 Group's behalf) used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

d.      Whether the equipment i3 Group (or someone on i3 Group's behalf) used to make the calls in question involved the use of a prerecorded or artificial voice as contemplated by the TCPA;

e.      Whether i3 Group's conduct constitutes a violation of the TCPA;

f.      Whether the equipment i3 Group (or someone on i3 Group's behalf) used to make the calls in question was an autodialer as contemplated by the ATDA;

g.      Whether the equipment i3 Group (or someone on i3 Group's behalf) used to make the calls in question involved a prerecorded message as contemplated by the ATDA;

h.      Whether i3 Group's conduct constitutes a violation of the ATDA.

i.      Whether i3 Group converted to its own use minutes of the Class members' wireless telephone plans and components of the Class members' phones;

j.      Whether this loss constitutes an asset of economic value;

k.      Whether i3 Group's appropriation was unlawful;

l.      Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

m.      Whether Plaintiff and the Class are entitled to treble damages under the TCPA based on the willfulness of i3 Group's conduct; and

n.      Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

34. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

35. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representatives of the Class because its interests do not conflict with the interests of the other Class members it seeks to represent; it has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and its counsel.

36. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** i3 Group has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

37. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against i3 Group, so it would be impracticable for Class members to individually seek redress for i3 Group's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties,

and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.     CLAIMS ALLEGED

### COUNT I
**Violation of the TCPA, 47 U.S.C. § 227**
**(On behalf of the TCPA Class)**

38.     Plaintiff incorporates by reference paragraphs 1-37 as if fully set forth herein.

39.     Defendant i3 Group and/or its agents made phone calls to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

40.      i3 Group made the calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

41.     i3 Group utilized equipment that made the calls to Plaintiff's and other Class members' wireless telephones simultaneously and without human intervention.

42.     i3 Group made the calls, or had them made on its behalf, using an artificial and/or prerecorded voice.

43.     By making the calls to Plaintiff and the Class, i3 Group violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of i3 Group's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

44.     Should the Court determine that i3 Group's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## COUNT II
### Violation of the ATDA, 815 ILCS 305/1
### (On behalf of the ATDA Class)

45.     Plaintiff incorporates by reference paragraphs 1-37 as if fully set forth herein.

46.     Under the ATDA, it is unlawful to use an autodialer to, among to other things:

      a.   To dial numbers determined by successively increasing or decreasing integers. *See* 815 ILCS 305/15(c); *see also* 815 ILCS 305/30(a) (a violation of § 15 is a violation of the ATDA);  and

      b.   To play a prerecorded message. *See* 815 ILCS 305/30.

47.     An "autodialer" is defined as "any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message." 815 ILCS 305/5.

48.     "Recorded message" means "any taped communication soliciting the sale of goods or services without live voice interaction." *Id.*

49.     Defendant i3 Group and/or its agents made phone calls to the telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

50.     i3 Group made the calls, or had them made on its behalf, using equipment that is capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message.

51.     i3 Group made the calls to solicit goods and/or services.

52.     By making the calls to Plaintiff and the Class, i3 Group violated the ATDA. As a result of i3 Group's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones, and under 815 ILCS 305/30, are each

entitled to trebled actual damages, statutory damages in the amount of $500.00 per violation, costs, and reasonable attorneys' fees.

**COUNT III**
**Conversion**
**(On Behalf Of The TCPA And ATDA Classes)**

53.     Plaintiff incorporates by reference paragraphs 1-37 as if fully set forth herein.

54.     By making calls to Plaintiff's and the other Class members' wireless telephones, Defendant i3 Group converted to its own use data usage under Plaintiff's and the other Class members' wireless telephone plans and components of Plaintiff's and the other Class member's wireless telephones.

55.     This loss of use constitutes an asset of economic value paid for by Plaintiff and the other Class members when they acquired their wireless telephones and subscribed for wireless telephone service.

56.     Immediately prior to the making of the calls, Plaintiff and the other Class members owned and had an unqualified right and immediate right to the possession of wireless telephones and the data service under their wireless telephone plans used to receive i3 Group's calls.

57.     By making calls (or directing calls to be made on its behalf), i3 Group appropriated to its own use the data usage and wireless telephones used to receive the texts in such a manner as to make them unusable or decrease their performance. Such appropriation was wrongful and without authorization.

58.     i3 Group knew or should have known that such appropriation of the data usage and phone components was wrongful and without authorization.

-11-

59.     Plaintiff and the other Class members were deprived of the data usage and performance of their wireless telephones, which could no longer be used for any other purpose.

60.     Accordingly, Plaintiffs and the other Class members suffered damages as a result of the receipt of the texts

## VII.    <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.    <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff Stephan Zouras LLP individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.     Certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing its counsel as Class Counsel;

B.     Awarding of actual and statutory damages;

C.     Requiring Defendant i3 Group to cease all wireless phone call activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

D.     Awarding of reasonable attorneys' fees and costs; and

E.     Awarding such other and further relief that the Court deems reasonable and just.

Dated: September 9, 2015

Respectfully submitted,

By: *s/ Joseph J. Siprut*

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 N. State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.241.1260

*Counsel for Plaintiff*
*and the Proposed Putative Class*

4812-0777-2455, v. 2

-13-